UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FREDDIE RODRIGUEZ, TDCJ #01892352, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:17-0254 |
| VS. | § | CIVIL ACTION NO. 3:18-0171 |
| | § | |
| BRIGHT OSIGWE, *et al*, | § § | |
| Defendants. | § | |

# ORDER TO CONSOLIDATE

Plaintiff Freddie Rodriguez, an inmate at Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed Civil Action No. 3:18-0171 on May 30, 2018, complaining that TDCJ officials have denied him the opportunity for religious practice and rehabilitation (Dkt. 1, Civil Action No. 3:18-0171). He brings suit against Bright Osigwe, a chaplain at TDCJ's Darrington Unit, as well as Lorie Davis and Brian Collier, both executive officials at TDCJ. He alleges that he spoke to Chaplain Osigwe on February 10, 2017, and was told that he was "not allowed in the faith program or to live in 6 tank" due to the program rules and policy (*id*. at 4).

Plaintiff's allegations involve issues of law and fact that are common to a case previously filed by Plaintiff against the same Defendants, *Rodriguez v. Bright*, Civil Action No. 3:17-0254, which is pending before the undersigned. In the earlier case, filed on July 26, 2017, Plaintiff sued the same three Defendants and made nearly identical allegations, complaining that Chaplain Osigwe Bright and other officials had denied him

the opportunity for religious practice and for rehabilitation (Dkt. 1, Civil Action No. 3:17-0254). He complained of the same event on February 10, 2017, in which he allegedly was told he was "not allowed in the faith program or to live in 6 tank" (*id*. at 4). The Court ordered service on Defendants, who filed a motion for summary judgment (Dkt. 13, Civil Action No. 3:17-0254) on May 30, 2018. Plaintiff's response to the summary judgment motion is due on July 2, 2018.

Rule 42(a) of the Federal Rules of Civil Procedure provides that, if actions before the court involve "a common question of law or fact," then the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Because Plaintiff's claims in Civil Action Numbers 3:17-0254 and 3:18-0171 are nearly identical and involve essentially the same parties, this Court concludes that consolidation would avoid unnecessary costs or delay in the resolution of the common issues of law and fact presented by both cases.

Accordingly, pursuant to Rule 42(a) and Rule 7.6 of the Local Rules for the United States District Court for the Southern District of Texas, the Court **ORDERS** as follows:

1. The most recently filed case, Civil Action Number 3:18-0171, is **CONSOLIDATED** with the previously filed case, Civil Action Number 3:17-0254.

2. The Clerk's Office shall enter this order on each docket sheet and shall place a copy in each of these consolidated actions. After the consolidation, Civil Action No. 3:18-0171 is to be administratively **CLOSED**, with all future filings docketed in Civil Action No. 3:17-0254.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 13th day of June, 2018.

_____
George C. Hanks Jr.
United States District Judge